MARA W. ELLIOTT, City Attorney
DAVID J. KARLIN, Assistant City Attorney
STACY J. PLOTKIN-WOLFF, Deputy City Attorney
California State Bar No. 174793
      Office of the City Attorney
      1200 Third Avenue, Suite 1100
      San Diego, California 92101-4100
      Telephone:  (619) 533-5800
      Facsimile:  (619) 533-5856

Attorneys for Defendants
CITY OF SAN DIEGO, RUDY CASTRO, AND SCOTT HENDERSON

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON DUNCAN, an individual; and AARON HARVEY, an individual,<br><br>          Plaintiffs,<br><br>        v.<br><br>CITY OF SAN DIEGO; a California municipal corporation; RUDY CASTRO, in his individual and official capacity; SCOTT HENDERSON, in his individual and official capacity; and DOES 1-10, in their official capacities,<br><br>         Defendants. | Case No.  17cv0052 BTM (MDD)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 AND 8**<br><br>Judge:  Hon. Barry Ted Moskowitz<br>Date: May 26, 2017<br>Court Room:  15B<br>Time: 11:00 a.m.<br>Trial Date: Not Yet Set |

1

# <u>TABLE OF CONTENTS</u>

I.   STATEMENT OF FACTS ................................................................. 1

II.  AUTHORITY AND ARGUMENT ................................................... 3

     A. STANDARD OF REVIEW ...................................................... 4

     B. PLAINTIFFS' COMPLAINT IS BARRED BY THE STATUTE OF
        LIMITATIONS ......................................................................... 6

     C. PLAINTIFFS FAILED TO STATE A CLAIM FOR A VIOLATION
        OF THE FIRST AMENDMENT ............................................... 7

     D. PLAINTIFFS FAILED TO STATE A CLAIM FOR A VIOLATION
        OF THE FOURTH AMENDMENT .......................................... 10

        1.  Probable Cause was Determined by the State Court; Plaintiffs' are
            Precluded from Re-Litigating the Issue ................................. 10

        2.  Plaintiffs' Complaint, and the Documents Referenced Therein
            Demonstrate Probable Cause Existed to Arrest the Plaintiffs ....... 11

        3.  Plaintiff Duncan Cannot Support His Claim that his Home was
            Searched Without a Warrant ............................................... 14

     E. DEFENDANTS CASTRO AND HENDERSON ARE ENTITLED TO
        QUALIFIED IMMUNITY FOR THE FIRST AND FOURTH
        AMENDMENT CLAIMS ......................................................... 14

     F. PLAINTIFFS FAIL TO PROVIDE SUFFICIENT FACTS UPON
        WHICH TO BASE THEIR *MONELL* CLAIMS .............................. 16

III. CONCLUSION ............................................................................. 18

17cv0052 BTM (MDD)

1

# TABLE OF AUTHORITIES

2

3 **Federal Cases**

4 *al-Kidd v. Ashcroft*
   580 F. 3d 949 (9th Cir. 2009)...............................................................................5
5

6 *Anderson v. Creighton*
   483 U.S. 635 (1987) .............................................................................................15

7 *Asgari v. City of Los Angeles*
   15 Cal. 4th 744 (1997).........................................................................................6
8

9 *Ashcroft v. al-Kidd*
   563 U.S. 731 (2011) .............................................................................................15

10 *Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .......................................................................................4, 5, 9
11

12 *Barron v. Reich*
    13 F.3d 1370 (9th Cir. 1994)................................................................................6

13 *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*
    522 U.S. 192, (1997) ...........................................................................................7
14

15 *Bd. of Regents of Univ. of N.Y. v. Tomanio*
    446 U.S. 478 (1980) .............................................................................................7

16 *Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) .......................................................................................4, 5, 9
17

18 *Branch v. Tunnell*
    14 F.3d 449 (9th Cir. 1994).................................................................................5

19 *Brandenburg v. Ohio*
    395 U.S. 444 (1969) .........................................................................................8, 9
20

21 *Cabrera v. City of Huntington Park*
    159 F. 3d 374 (9th Cir. 1998)............................................................................10

22 *City of Canton v. Harris*
    489 U.S. 378 (1989) .............................................................................................16
23

24 *Davis v. Scherer*
    468 U.S. 183 (1984) .............................................................................................15

25 *Dennis v. United States*
    341 U.S. 494 (1951) .............................................................................................9
26

27 *Fecht v. Price Co.*
    70 F.3d 1078 (9th Cir. 1995).............................................................................5

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Fogel v. Collins*
  531 F. 3d 824 (9th Cir. 2008)...........................................................17

*Ford v. City of Yakima*
  706 F. 3d 1188 (9th Cir. 2013)...........................................................8

*Forest v. City of Ft. Bragg*
  520 Fed.Appx. 616 (9th Cir. 2013)...........................................10

*Freeman v. City of Santa Ana*
  68 F. 3d 1180 (9th Cir. 1995)...........................................................10

*Galbraith v. Cnty. of Santa Clara*
  307 F.3d 1119 (9th Cir. 2002)...........................................................5

*Gerstein v. Pugh*
  420 U.S. 103 (1975).......................................................................11

*Giboney v. Empire Storage & Ice Co.*
  336 U.S. 490 (1949).........................................................................8

*Goldstein v. City of Long Beach*
  715 F. 3d 750 (9th Cir. 2013)...........................................................17

*Groh v. Ramirez*
  540 U.S. 551 (2004).......................................................................15

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
  896 F.2d 1542 (9th Cir. 1990)...........................................................5

*Lombardi v. City of El Cajon*
  117 F. 3d 1117 (1997).............................................................15, 16

*Lucchesi v. Bar–O Boys Ranch*
  353 F. 3d 691 (9th Cir. 2003)...........................................................6

*Lukovsky v. City & Cty. of S.F.*
  535 F. 3d 1044 (9th Cir. 2008)...........................................................6

*Malley v. Briggs*
  475 U.S. 335 (1986).......................................................................16

*McDade v. West*
  223 F. 3d 1135 (9th Cir. 2000)...........................................................17

*Monell v. Department of Social Services*
  436 U.S. 658 (1978).............................................................16, 17

*Moss v. U.S. Secret Serv.*
  572 F.3d 962 (9th Cir. 2009)...........................................................5

*National Ass'n for Advancement of Psychoanalysis v. California Bd. Of Psychology*
  228 F. 3d 1043 (9th Cir. 2000)...........................................................8

iii

*Navarro v. Block*
    250 F. 3d 729 (9th Cir. 2001)..................................................................4

*Oviatt By & Through Waugh v. Pearce*
    954 F. 2d 1470 (9th Cir.1992)................................................................17

*Parrino v. FHP, Inc.*
    146 F.3d 699 (9th Cir. 1998)...................................................................5

*Pearson v. Callahan,* 555 U.S. 223, 236 (2009) ....................................15

*Pinard v. Clatskanie Sch. Dist. 6J*
    467 F. 3d 755 (9th Cir. 2006)..................................................................8

*Planned Parenthood of Columbia/ Willamette, Inc. v. Am. Coal. of Life Activities*
    290 F. 3d 1058 (9th Cir. 2002)................................................................9

*Rosenbaum v. City and County of San Francisco*
    484 F.3d 1142 (9th Cir. 2007)...............................................................17

*Schenck v. United* States
    249 U.S. 47 (1919) ..................................................................................9

*SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*
    88 F. 3d 780 (9th Cir. 1996)....................................................................4

*Ulrich v. City and County of San Francisco*
    308 F.3d 968 (9th Cir. 2002)..................................................................17

*Wallace v. Kato*
    549 U.S. 384 (2007) ...........................................................................6, 7

*Watts v. United States*
    394. U.S. 705 (1969) ...............................................................................9

*Wige v. City of Los Angeles*
    713 F. 3d 1182 (9th Cir. 2013)..............................................................10

*Wong Sun v. U.S.*
    371 U.S. 471 (1963) ..............................................................................11

**Statutes**

42 U.S.C. § 1983.....................................................................6, 7, 10, 16

California Code of Civil Procedure section 340.......................................6

California Code of Civil Procedure section 352.1(a) ..............................7

California Penal Code section 182.5 ......................................................11

California Government Code section 38630(a).......................................18

iv

**Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure Rule 8(a)(2) ............................................................4

Federal Rule of Civl Procedure Rule 12(b)(6) ........................................................4

**Other Authorities**

Ninth Circuit Model Jury Instruction No. 9.23 ......................................................11

San Diego City Charter, section 57 ........................................................................18

Defendants City of San Diego (City), Rudy Castro and Scott Henderson respectfully submit the following memorandum of points and authorities in support of their amended motion to dismiss the Complaint filed by Brandon Duncan and Aaron Harvey (ECF Doc. No. 1).

## I.   STATEMENT OF FACTS

Between May 13, 2013 and August 4, 2013, there was a rash of gang shootings in the City of San Diego.  During that time frame, there was eight shootings that appeared to involve the Lincoln Park gang (LPK).  (ECF Doc 1, ¶ 40; List of Evidence ("LOE"), Exhibits 1 and 2; Request for Judicial Notice ("RJN") and Declaration of Stacy J. Plotkin-Wolff).  Through investigation, San Diego Police Officers Rudy Castro and Scott Henderson determined that Plaintiffs Brandon Duncan and Aaron Harvey were active members of the Lincoln Park gang and believed they had probable cause to believe that Plaintiffs were in violation of California Penal Code section 182.5, which makes it a felony to promote, further, assist or benefit from the felonious criminal conduct of a gang.  (LOE, Exh. 1 and 2; Decl. of Stacy J. Plotkin-Wolff).

As a result, on June 16, 2014, Defendant Officer Rudy Castro prepared and submitted a Declaration in Support of Arrest Warrant.  In the Declarations, Officer Castro recited the links between the plaintiffs and members of LPK and the facts known regarding the eight shootings, which included shootings and, ultimately arrests of LPK gang members Justin Anderson, Glenn Gray, Franklin Lamberth, Darryl Charles, Desmond Crisp, and Tevonte Stripling.  He sought arrest warrants, which were issued by the Court.  (LOE, Exh. 1 and 2; Decl. Plotkin-Wolff).

Defendant Officer Castro submitted his Declarations to Deputy District Attorney Kristie Nikoletich for review to ensure that they Declarations were legally sufficient.  Ms. Nikoletich agreed that they were and submitted them to the Honorable David Gill of the San Diego Superior Court to review.  (LOE, Exh. 1 and 2; Decl.

1

Plotkin-Wolff).  Judge Gill issued the warrant after finding probable cause to arrest, *inter alia,* Plaintiff Duncan and Plaintiff Harvey for violations of California Penal Code section 182.5.  (See LOE, Exh. 1 and 2; Decl. Plotkin-Wolff).

Three days later, on June 19, 2014, Plaintiff Duncan was arrested pursuant to the judicially issued arrest warrant.  (ECF Doc. 1, ¶ 13).  Plaintiff Duncan's home was searched pursuant to a search warrant (See LOE, Exh. 3; Decl. Plotkin-Wolff). Plaintiff Harvey was arrested in Las Vegas pursuant to the arrest warrant on July 19, 2014.  (ECF Doc. 1, ¶ 18).  He remained in Las Vegas for approximately eleven days and was then booked into the San Diego County Jail on July 30, 2014.  (ECF Doc. 1, ¶ 25).

Plaintiff Duncan was arraigned on June 20, 2014, he pleaded not guilty and bond was set.  He did not post bail and remained in detention pending trial.  (ECF Doc. 1, ¶ 17).  Plaintiff Harvey was arraigned shortly after he was booked into jail. He also pleaded not guilty.  Bail was set but he did not post bail and remained in detention pending trial.  (ECF Doc. 1, ¶ 25).

The District Attorney's Office presented the plaintiffs' cases for preliminary hearing in November 2014.  (ECF Doc. 1, ¶ 28).  The court found that probable cause existed to charge Plaintiffs with violating California Penal Code section 182.5 and bound them over for trial.  (ECF Doc. 1, ¶ 31).

On March 16, 2015, a different judge granted Plaintiffs' Penal Code section 995 motions to set aside the charges against them.  (ECF Doc. 1, ¶¶ 35-36).  These motions were filed after a subsequent preliminary hearing for other defendants arrested for the same charges.  As a result of this second preliminary hearing, the court found that probable cause did not exist as this other group of individuals.  (ECF Doc. 1, ¶ 33).

On January 10, 2017, Plaintiffs filed the Complaint in the case at bar.  The Complaint is against Defendant Officers Rudy Castro and Scott Henderson as well as the City of San Diego; it includes eight causes of action.  The first four are against

the Defendant Officers Castro and Henderson in their individual capacities and are as follows:

| | |
|---|---|
| Count One: | Plaintiff Duncan's claim for a violation of his First Amendment Rights; |
| Count Two: | Plaintiff Duncan's claim for a violation of his Fourth Amendment Rights; |
| Count Three: | Plaintiff Harvey's claim for a violation of his First Amendment Rights; and |
| Count Four: | Plaintiff Harvey's claim for a violation of his Fourth Amendment Rights |

The four remaining causes of action against the City of San Diego, Does 1-10 in their official capacities and Defendant Officers Castro and Henderson in their individual capacities are as follows:

| | |
|---|---|
| Count Five: | Plaintiff Duncan's claim for a violation of his Fourth Amendment Rights; |
| Count Six: | Plaintiff Duncan's claim for a violation of his Fourth Amendment Rights; |
| Count Seven: | Plaintiff Harvey's claim for a violation of his First Amendment Rights; and |
| Count Eight: | Plaintiff Harvey's claim for a violation of his Fourth Amendment Rights |

(ECF Doc. 1).

## II.   <u>AUTHORITY AND ARGUMENT</u>

Defendants move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a claim for relief against any of the defendants. Defendants did not violate Plaintiffs' First or Fourth Amendment rights. Furthermore, Defendants Castro and Henderson are entitled to qualified immunity. Lastly, Plaintiffs failed to
/////

1  state a claim against Defendants Castro and Henderson in their official capacity or

2  against the City of San Diego.

3      Alternatively, if the Court is inclined to grant Plaintiff leave to amend any

4  portion of his Complaint, Defendants move for a more definite statement from

5  Plaintiffs with respect to their defectively pled Complaint.

6   **A.   STANDARD OF REVIEW**

7      **1. 12(b)(6) Motion To Dismiss**

8      A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6)

9  ("Rule 12(b)(6)") tests the legal sufficiency of a plaintiff's complaint and allows a

10  court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim

11  upon which relief may be granted. *See Navarro v. Block,* 250 F. 3d 729, 732 (9th

12  Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of

13  cognizable legal theory or (2) insufficient facts under a cognizable theory."

14  *SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.,* 88 F. 3d 780, 783 (9th Cir.

15  1996). Under Federal Rule of Civil Procedure Rule 8(a)(2), the plaintiff is required

16  to set forth a "short and plain statement of the claim showing that the pleader is

17  entitled to relief," and "give the defendant fair notice of what the . . . claim is and the

18  grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555

19  (2007).

20      A complaint may survive a motion to dismiss only if, taking all well-pleaded

21  factual allegations as true, it contains enough facts to "state a claim to relief that is

22  plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

23  550 U.S. at 570). To do so, a complaint must contain more than a "formulaic

24  recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S.

26  at 545). In fact, "some threshold of plausibility must be crossed at the outset" before

27  a case can go forward. *Id.* at 558. "A claim has facial plausibility when the plaintiff

28  pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F. 3d 949, 956 (9th Cir. 2009).

A court need not accept "legal conclusions" as true. *Iqbal,* 556 U.S. at 678. As such, factually unsupported claims framed as legal conclusions, and mere recitations of the legal elements of a claim, do not give rise to a cognizable claim for relief. *Id.* at 677-78.

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, *Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002)). However, the court may consider documents specifically identified in the complaint whose authenticity is not questioned by the parties. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds); *see also Branch*, 14 F.3d at 453–54. The court may consider such documents so long as they are referenced in the complaint, even if they are not physically attached to the pleading. *Branch*, 14 F.3d at 453–54; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (extending rule to documents upon which the plaintiff's complaint "necessarily relies" but which are not explicitly incorporated in the complaint). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. *Fecht*, 70

5

F.3d at 1080 n.1. The court also considers materials of which it takes judicial notice. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As will be shown below, Plaintiffs' purported claims for relief fail because the statute of limitations has run, they do not plead a cognizable legal theory and/or plead insufficient facts under a cognizable theory. Further, Defendants Castro and Henderson have full defenses to the first four causes of action. Thus, the claims for relief against all the Defendants should be dismissed with prejudice with no leave to amend.

## B.   PLAINTIFFS' COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS.

Plaintiffs' Complaint should be dismissed because it was filed after the applicable statute of limitations ran. Whether a claim under 42 U.S.C. § 1983 is timely depends on a combination of state and federal law that determines (1) the length of the applicable limitations period, (2) the accrual date of the claim, and (3) whether the limitations period was tolled. *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007); *Lucchesi v. Bar–O Boys Ranch*, 353 F. 3d 691, 694 (9th Cir. 2003).

The first issue, the length of the statute of limitations, is determined by state law. *Wallace*, 549 U.S. at 387.   In California the statute of limitations for false imprisonment is one year.  Cal. Code Civ. Proc. § 340.  False arrest and false imprisonment are the same tort.  See *Wallace,* 549 U.S. 384, 388-89 (2007); *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 752 n. 3 (1997). Accordingly, the proper statute of limitations in this matter is one year.

The second issue, the accrual date, "is the date on which the statute of limitations begins to run." *Lukovsky v. City & Cty. of S.F.*, 535 F. 3d 1044, 1048 (9th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. Instead, as with other aspects of § 1983 that "are not governed by reference to state law," the court applies "federal rules conforming in general to common-law tort principles."

6

1  *Id.* "Under those principles, it is 'the standard rule that [accrual occurs] when the
2  plaintiff has "a complete and present cause of action," ' that is, when 'the plaintiff
3  can file suit and obtain relief.' " *Id.* (alteration in original) (citation omitted) (quoting
4  *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*,
5  522 U.S. 192, 201 (1997)).  Consequently, this case accrued as of the date Plaintiffs
6  were arrested – June 19, 2014 for Plaintiff Duncan and July 19, 2014 for Plaintiff
7  Harvey.

8      The third issue, whether the limitations period was tolled for a § 1983 action,
9  is generally governed by state law. *See Bd. of Regents of Univ. of N.Y. v. Tomanio*,
10  446 U.S. 478, 485–86, n.6 (1980) (discussing New York's codified tolling rules for
11  the statute of limitations, such as tolling for infancy or imprisonment, in the context
12  of a § 1983 action); *Lucchesi*, 353 F. 3d at 694 ("State law governs the statutes of
13  limitations for section 1983 actions as well as questions regarding the tolling of such
14  limitations periods.").   In California, the statute of limitations is tolled while a
15  plaintiff is imprisoned on a criminal charge.  Cal. Code Civ. Proc. § 352.1(a).

16      Here, Plaintiff Duncan was arrested on June 19, 2014 and released on January
17  19, 2015.  (ECF Doc. 1, ¶ 13-14 and 34).  Plaintiff Harvey was arrested on July 19,
18  2014 and released on January 21, 2015.  (ECF Doc. 1, ¶ 18-20 and 34).  The lawsuit
19  was filed on January 10, 2017.  (ECF Doc. 1).  Even tolling the statute of limitations
20  for the period of time in which the plaintiffs were incarcerated, Plaintiffs failed to
21  commence this lawsuit within one year after the tolling ended.  Consequently, the
22  lawsuit is time barred and should be dismissed.

23  **C.    PLAINTIFFS FAILED TO STATE A CLAIM FOR A VIOLATION OF THE FIRST AMENDMENT.**
24

25      The Court should dismiss Counts One, Three, Five and Seven because
26  Plaintiffs cannot set forth sufficient facts to support the alleged violations of their
27  First Amendment Rights because they have not plead a cognizable claim and/or failed
28  to provide sufficient factual support to plead a plausible claim for such a violation.

7

1    To properly allege a First Amendment claim, Plaintiffs must allege (1) Plaintiff
2  was "engaged in a constitutionally protected activity, (2) the defendant's actions
3  would chill a person of ordinary firmness from continuing to engage in the protected
4  activity and," *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F. 3d 755, 770 (9th Cir. 2006),
5  (3) "that the officers' desire to chill his speech was a but-for cause of their allegedly
6  unlawful conduct." *Ford v. City of Yakima*, 706 F. 3d 1188, 1193 (9th Cir. 2013).  To
7  do so, a plaintiff must alleged "at least (1) evidence of proximity in time between the
8  protected speech and the allegedly retaliatory decision, (2) evidence that the
9  defendant expressed opposition to the speech or (3) evidence that the defendant's
10 proffered reason for the adverse action was false or pretextual." *Pinard,* 467 F. 3d at
11 771 n.21 (9th Cir. 2006) (emphasis added).

12    Here, Plaintiffs failed to plead required elements of the cause of action – that
13 the defendant's actions would chill a person of ordinary firmness from continuing to
14 engage in the protected activity and that the officers' desire to chill his speech was a
15 but-for cause of their allegedly unlawful conduct.  As a result, Plaintiffs have not
16 plead a legally cognizable claim for a violation of their First Amendment.
17 Accordingly, the Court should dismiss Counts One, Three, Five and Seven.

18    Additionally, Plaintiffs failed to sufficient factual support that the speech
19 and/or expressive conduct was protected.  Not all speech and/or expressive conduct
20 is protected.  Categories of "unprotected" speech include incitement and speech
21 integral to criminal conduct.  *Brandenburg v. Ohio,* 395 U.S. 444 (1969) (incitement)
22 and *National Ass'n for Advancement of Psychoanalysis v. California Bd. Of
23 Psychology,* 228 F. 3d 1043, 1053-54 (9th Cir. 2000) (quoting from *Giboney v.
24 Empire Storage & Ice Co.,* 336 U.S. 490 (1949):  "The Supreme Court has held that
25 'it has never been deemed an abridgment of freedom of speech or press to make a
26 course of conduct illegal merely because the conduct was in part initiated, evidenced,
27 or carried out by means of language, either spoken, written, or printed.").

28

Furthermore, threatening a person with violence is not protected speech. *Watts v. United States,* 394. U.S. 705 (1969).

When the constitutionality of a statute is not at issue, the test in determining whether the words or conduct constitutes incitement is "whether the words used are . . . of such a nature as to create a clear and present danger that they will bring about the substantive evils [.]" *Schenck v. United* States, 249 U.S. 47, 52 (1919); *Dennis v. United States,* 341 U.S. 494, 506 (1951). In *Brandenburg v. Ohio,* the Supreme Court reiterated that advocacy of the use of force directed to inciting or producing imminent lawless action is not protected by the First Amendment. *Brandenburg,* 395 U.S. at 447. See also *Planned Parenthood of Columbia/ Willamette, Inc. v. Am. Coal. of Life Activities,* 290 F. 3d 1058, 1072 (9th Cir. 2002).

Plaintiffs did not assert that Penal Code section 182.5 is unconstitutional. Further, they provide thread-bare recitals of their alleged First Amendment violations and fail to provide facts upon which to base their claims. They allege that Defendant Duncan was targeted for "arrest and incarceration because of the content of viewpoint of his music, social media posts, or other speech of expressive conduct appearing in social media postings or otherwise" and that this constituted "protected speech and conduct." (ECF Doc. 1, ¶ 41, 54, 67, and 68). As to Plaintiff Harvey, they merely allege that he engaged in protected speech and that said speech was a substantial or motivating factor for Defendants' actions. (ECF Doc. 1, ¶¶ 79 and 81). However, Plaintiffs do not provide any support that this actually was protected speech or conduct.

Plaintiff Duncan provides only conclusory and formulaic statements that his First Amendment rights were violated. (ECF Doc. 1, ¶¶ 41, 67 and 68). Defendant Harvey makes similarly conclusory and formulaic statements. (*Id.* at ¶¶ 54, 79, and 81). This is exactly the type of allegations disapproved by the *Twombly* and *Iqbal* Courts.

/////

Accordingly, Defendants respectfully request that the Court dismiss cause of actions one, three, five and seven.

### D.  PLAINTIFFS FAILED TO STATE A CLAIM FOR A VIOLATION OF THE FOURTH AMENDMENT.

The Court should dismiss counts two, four, six and eight because Plaintiffs cannot set forth sufficient facts to support the alleged violations of their Fourth Amendment Rights and/or because the theories alleged are not cognizable.  The arrest was clearly supported by probable cause and the search of Mr. Duncan's home was supported by a search warrant.

### 1. Probable Cause was Determined by the State Court; Plaintiffs' are Precluded from Re-Litigating the Issue.

The existence of probable cause is a complete defense to Plaintiffs' claims that the Fourth Amendment was violated when they were arrested. *See Cabrera v. City of Huntington Park,* 159 F. 3d 374, 380 (9th Cir. 1998) (per curiam); *Freeman v. City of Santa Ana,* 68 F. 3d 1180, 1189 (9th Cir. 1995).  A plaintiff is precluded from raising the issue of probable cause in a § 1983 claim when the issue was litigated in a state court preliminary hearing unless the evidence presented at the preliminary hearing materially differed from what the officers knew at the time of arrest.  *Wige v. City of Los Angeles,* 713 F. 3d 1182 (9th Cir. 2013); see also *Forest v. City of Ft. Bragg,* 520 Fed.Appx. 616, 617 (9th Cir. 2013).

Here, Plaintiffs' Complaint admits that a superior court judge found probable cause.  (ECF Doc. 1, ¶ 30).  Plaintiffs' Complaint does not allege that they did not participate in the preliminary hearing or that the materials presented at the preliminary hearing materially differed from what Officers Castro and Henderson knew when Plaintiffs were arrested.  Consequently, Plaintiffs are precluded from re-litigating that issue in the case at bar.  Accordingly, counts two, four, six and eight should be dismissed with prejudice.

/////

**2.** **Plaintiffs' Complaint, and the Documents Referenced Therein Demonstrate Probable Cause Existed to Arrest the Plaintiffs.**

Probable cause is "defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Gerstein v. Pugh,* 420 U.S. 103, 111 (1975). For probable cause to exist, there need only be enough evidence for a reasonable officer to believe that an offense has been or is being committed; evidence sufficient to convict is not required. *Wong Sun v. U.S.,* 371 U.S. 471, 479 (1963). It is the plaintiff's burden to demonstrate lack of probable cause. Ninth Circuit Model Jury Instruction No. 9.23.

Plaintiffs' Complaint fails to provide factual support for their conclusory allegations that their arrests for violations of California Penal Code section 182.5 were not supported by probable cause. Plaintiffs' merely allege that Defendant Officers Castro and Henderson were detectives assigned to investigate a series of shootings involving the Lincoln Park gang, that Mr. Duncan and Mr. Harvey were not personally involved in the shootings, and then, conclude that Mr. Duncan was arrested because of "the content or viewpoint of his music, social media posts, or other speech or expressive conduct . . . or otherwise." (ECF Doc. No. 1, ¶¶ 40, 41, 53, and 54). The Complaint also provide the make further threadbare recitals supported by nothing more than conclusory statements (See, e.g., ECF Doc. No. 1, ¶¶ 43, 47, 50, 56, 59, 60 and 63) and admit that California Penal Code section 182.5 had not previously been used in San Diego. (ECF Doc. No. 1, ¶¶ 44, 45, 57 and 58).

Instead, a review of the declaration submitted by Defendant Officer Castro in support of his request for the issuance of the arrest warrants as well as a review of the transcripts from the preliminary hearing demonstrate that there was sufficient evidence for a reasonable officer to believe that Plaintiffs violated California Penal Code section 182.5 in that they were promoting, furthering, assisting or benefiting from the felonious criminal conduct of a the Lincoln Park gang.

/////

11

In his Declarations, Officer Castro set forth the facts known regarding the eight shootings that occurred in between May 2013 and August 2013.  He indicated that:

1. Justin Anderson was looking for firearms on April 27, 2013 and contacted fellow gang member Darryl Charles to do so (LOE, Exh. 1 and 2, pg. 2, ln. 6-23);

2. Justin Anderson was in the vicinity of the shooting that occurred on July 28, 2013 (LOE, Exh. 1 and 2, pg. 6, ln. 25 to pg. 7, ln. 24 and pg. 8, lns. 4-6);

3. Justin Anderson was in the vicinity of the shooting that occurred on August 4, 2013 (LOE, Exh. 1 and 2, pg. 8, lns. 7-9 and 15-18);

4. It is likely that Justin Anderson's Green Saturn was used during the July 28, 2013 shooting (LOE, Exh. 1 and 2, pg. 6, ln. 25 to pg. 7, ln. 24 and pg. 8, lns. 4-6).

Officer Castro also demonstrated that:

5. Desmond Crisp was Justin Anderson's younger brother (LOE, Exh. 1 and 2, pg. 5, ln. 17-19);

6. A firearm thrown from a vehicle in which Mr. Crisp was a passenger matched the ammunition and firearm used in four of the eight shootings. (LOE, Exh. 1 and 2, pg. 5, lns. 18-24; pg. 9, ln. 24 to pg. 10, ln. 2).

7. The vehicle from which the firearm was thrown was driving by Tevonte Stripling.  (LOE, Exh. 1 and 2, pg. 5, lns. 13-18).

Officer Castro's Declaration also established that:

8. On July 12, 2013, known LPK gang members Glenn Gray and Franklin Lamberth were arrested in a car parked in front of a house on Elk Street in possession of loaded firearms and ski masks.  (LOE, Exh. 1 and 2, pg. 6, lns. 4-6)

/////

/////

9. A potential victim contacted the police a few days afterwards indicated that he believed he was the planned victim became LPK consider him and his family "snitches." (LOE, Exh. 1 and 2, pg. 6, lns. 6-11).

10. When visited in jail, Lamberth was recorded saying that he was in custody because he was doing what LPK gang member Darryl Charles told him to do. (LOE, Exh. 1 and 2, pg. 6, lns 16-18).

Additionally, Officer Castro indicated that before, during and after these shootings, the gang members in question promoted their criminal activities on Facebook. Officer Castro indicates that, *inter alia,* Justin Anderson, Alvin Banks, Darryl Charles, Desmond Crisp, Brandon Duncan, Aaron Harvey, Tevonte Stripling, and Anthony Robinson were friends on Facebook and all of them have posted about the LPK membership. (LOE, Exh. 1 and 2, pg. 10, lns. 16-22).

The declarations show that Plaintiff Harvey is a known LPK gang member and is Facebook friends with other LPK gang members. He is found on Facebook in photographs with other known LPK gang members including Lamberth and Gray in which several of the men are using LPK gang signs and hand signs for "Crip Killer." (LOE, Exh. 1 and 2, pg. 23, lns. 23-27). Also, while incarcerated LPK gang member Franklin Lamberth was recorded saying that Plaintiff Aaron Harvey was keeping gang members in order. (LOE, Exh. 1 and 2, pg. 6, lns. 15-16).

In addition to Plaintiff Duncan being a LPK gang member and Facebook friend with the above-referenced LPK gang members, Plaintiff Duncan, along with Darryl Charles, Alvin Banks and Anthony Robinson, comprise the music group "Black Angel Music Group." The group rap about having killers and shooters in their gang, about young gang members driving across town to shoot at their enemies and flash gang signs as well as guns throughout the video. Duncan's fellow gang member, Facebook friend, and member of his music group posted a video says "Real Niggas tryna come up off this rap shit but the difference is *we really lived what we spittin.*" (NOE, Exh. 1 and 2, pg. 12, lns. 16-18) (emphasis added).

After Stripling and Crisp were arrested with evidence demonstrating that the gun they threw out of the vehicle driven by Stripling was connected with four of the eight shootings, Plaintiff Duncan posted on Fostbook to "Free Lil Hawg and Tae Dip." (NOE, Exh. 1 and 2, pg. 12, lns. 6-7). Lil Hawg is a moniker used by Desmond Crisp. Tae Dip is a moniker used by Tevonte Stripling. (NOE, Exh. 1 and 2, pg. 5, lns. 16-18).

Based on the above, counts two, four, six and eight should be dismissed because Plaintiffs' failed to raise a legally cognizable claim in that they did not allege sufficient non-conclusory facts to support their claim that there was probable cause to arrest the plaintiffs for violations of California Penal Code section 182.5. Further, the Complaint, and the documents referred to therein, demonstrate that Defendants did have probable cause to arrest the plaintiffs and a superior court judge found probable cause at the preliminary hearing.

### 3. Plaintiff Duncan Cannot Support His Claim that his Home was Searched Without a Warrant.

Plaintiff Duncan claims that his home was searched without a warrant. (ECF Doc. 1, ¶¶ 14, 39, 49-51, 73, 74, 76, 100, 102, 104). Attached to defense counsel's declaration is a copy of the search warrant issued for the search of Mr. Duncan's home. (LOE, Exh. 3; RJN; Decl. Plotkin-Wolff).

Mr. Harvey also claims an unreasonable search but fails to provide any factual basis for that claim whatsoever. (ECF Doc. 1, ¶ 119).

Accordingly, those portions of count two, four, six and eight that involve a claim that a Fourth Amendment violation occurred as a result of a warrantless search should be dismissed.

### E. DEFENDANTS CASTRO AND HENDERSON ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE FIRST AND FOURTH AMENDMENT CLAIMS.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to

14

shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). This protection applies regardless of whether the official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.*, quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004).

Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. See *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011). In *Pearson v. Callahan,* 555 U.S. 223, 236 (2009), the United States Supreme Court held that courts may grant qualified immunity on the ground that a purported right was not "clearly established" by prior case law, without resolving the often more difficult question whether the purported right exists at all. *al-Kidd.,* 563 U.S. at 741.

To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.' " *Id.* (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd.,* 563 U.S. at 741. This "clearly established" standard protects the balance between vindication of constitutional rights and government officials' effective performance of their duties by ensuring that officials can " 'reasonably ... anticipate when their conduct may give rise to liability for damages.' " *Anderson,* 483 U.S. at 639 (quoting *Davis v. Scherer,* 468 U.S. 183, 195 (1984)).

Qualified immunity turns on the objective reasonableness of the law enforcement officer's conduct in light of clearly established law. *Lombardi v. City of El Cajon*, 117 F. 3d 1117, 1121 (1997).  In other words, officers are shielded from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Id.* Thus, it has been stated that qualified immunity protects "all but the plainly incompetent or those who

knowingly violate the law." *Id*., citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Moreover, police officers applying for warrants are immune if a reasonable officer could have believed that there was probable cause to support the application. *Id*., at 344–345.

Here, Plaintiffs' Complaint alleges that the officers were using an untried gang conspiracy statute, California Penal Code section 182.5, which makes it a felony to promote, further, assist or benefit from the felonious criminal conduct of a gang. There is absolutely no case law or guidance for the officers on what constitutes probable case regarding a violation of this Penal Code section or whether the speech of expressive conduct at issue is incitement, integral to criminal conduct or threatening with physical violence. The application for the arrest warrant demonstrates that Officer Castro believed he and Officer Henderson had sufficient facts and information to support probable cause. This reasonable belief is buttressed by the superior court issuing the arrest warrants and then finding probable cause to bind the plaintiffs over for trial at the preliminary hearing. Consequently, Officers Castro and Henderson are entitled to qualified immunity. Accordingly, the Court should dismiss the second and fourth causes of action.

### F.   PLAINTIFFS FAIL TO PROVIDE SUFFICIENT FACTS UPON WHICH TO BASE THEIR *MONELL* CLAIMS.

A complaint for liability pursuant to § 1983 for municipal liability cannot rest solely on principals of *respondeat superior*, i.e. a municipality cannot be liable under § 1983 simply because it employs a tortfeasor, or because an employee happens to apply a policy in an unconstitutional manner. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378, 387 (1989).

"'Liability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Rosenbaum v. City and County of San*

16

1  *Francisco*, 484 F.3d 1142, 1155 (9th Cir. 2007) (quoting *Ulrich v. City and County*

2  *of San Francisco*, 308 F.3d 968, 984(9th Cir.2002)); *Monell v. Department of Social*

3  *Services*, 436 U.S. 658, 694 (1978)).

4      Under *Monell,* municipal liability for an alleged unconstitutional act of a

5  municipality, its agents or employees, must be based upon the following elements:

6  (1) that Plaintiff possessed and was deprived of a right secured by the federal

7  Constitution or statutory law; (2) that the City had a particular, "permanent and well

8  settled practice" or policy which does/did amount to deliberate indifference to that

9  right; (3) that the practice or policy is/was the 'moving force behind the constitutional

10  deprivation'; (4) that there is a "direct causal link" between the policy or custom and

11  the injury. *See Oviatt By & Through Waugh v. Pearce*, 954 F. 2d 1470, 1474 (9th

12  Cir.1992); *McDade v. West*, 223 F. 3d 1135, 1141 (9th Cir. 2000).

13      Moreover, "[t]o hold a local government liable for an official's conduct, a

14  plaintiff must first establish that the official (1) had final policymaking authority

15  concerning the action . . . at issue and (2) was the policymaker for the local governing

16  body for the purposes of the particular act." *Goldstein v. City of Long Beach,* 715 F.

17  3d 750, 753 (9th Cir. 2013) (citations omitted).  A "policy" is a deliberate choice to

18  follow a course of action made from among various alternatives by the official or

19  officials responsible for establishing final policy with respect to the subject matter in

20  question. *Fogel v. Collins*, 531 F. 3d 824, 834 (9th Cir. 2008).

21      Here, as shown above, Plaintiffs' Complaint is barred by the statute of

22  limitations and fails to state a claim upon which relief may be granted as to alleged

23  violations of the First and Fourth Amendment.  Without a constitutional violation,

24  there can be no liability based on *Monell.*

25      Additionally, Plaintiffs' allegations contain only conclusory allegations

26  regarding both elements of the cause of action for liability based on policymaker

27  actions.  Counts five, six, seven and eight are replete with conclusory statements

28

17

based on nothing more than speculation and conjecture.  Many of the allegations are made on "information and belief."

Furthermore, the San Diego City Charter, section 57, gives the Chief of Police exclusive authority to "direct and supervise the personnel . . . and exercise all powers and duties provided by general laws or the ordinance of the Council."  (See RJN).  California Government Code section 38630(a) provides that the "police department is under the control of the chief of police."  Consequently, it is not possible that front line police officers, such as Defendant Officers Castro and Henderson, were official policymakers of the City.  It is equally impossible for the City to determine what other person or persons the plaintiffs believe were official policymakers as Plaintiffs failed to name them or give Defendants any guidance regarding the identity of those persons or persons.

Accordingly, the Court should dismiss Counts Five, Six, Seven and Eight because Plaintiff has not stated a cognizable claim against Defendant Officers Castro and Henderson and failed to state facts upon which to base the claim against the named defendants, the City or the unknown alleged policymakers.

## III.   CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their motion to dismiss for failure to state a cause of action upon which relief may be granted.  The lawsuit is barred by the statute of limitations and Plaintiffs are precluded from claiming that Defendants did not have probable cause.  Defendants obtained a search warrant for the search of Plaintiff Duncan's home and Plaintiffs have not properly pleaded a claim for a First Amendment violation.

Dated:  March 28, 2017          MARA W. ELLIOTT, City Attorney

By   _/s/ Stacy J. Plotkin-Wolff_
Stacy J. Plotkin-Wolff
Deputy City Attorney

Attorneys for Defendants
CITY OF SAN DIEGO, RUDY
CASTRO, AND SCOTT
HENDERSON

18